IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DICOSOLA,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>CAFÉ CENTRAL INC.,<br><br>Defendant. | No.   07 C 6748<br><br>Judge Guzman<br>Magistrate Judge Nolan |

## PLAINTIFF'S INITIAL STATUS REPORT

Pursuant to this Court's standing orders, Plaintiff Joseph DiCosola ("DiCosola" or "Plaintiff"), represented by Anthony G. Barone and David Jenkins, hereby presents the following initial status report. Defendant has not yet been served.

**A.    Nature of the Case.**

   **1.    Basis for jurisdiction, nature of claims and counterclaims.**

Plaintiff claims, on behalf of himself and a putative class of similarly situated persons, that Defendant Café Central, Inc. ("Café Central") willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act, P.L. 108-159, 117 Stat. 1952 (2003) ("FACTA"). FACTA prohibits persons who accept credit cards or debit cards from printing "more than the last five digits of the [credit or debit] card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction," for all transactions on or after December 4, 2006. 15 U.S.C. §1681c(g). Plaintiff specifically alleges that Defendant issued to him a non-compliant receipt on or about February 16, 2007, for purchases made at the Café Central restaurant, which displayed the expiration date of the credit card. Summons is out for service on Defendant Café Central, and it should be served within a week.

   **2.    Relief sought by plaintiff.**

Plaintiff seeks for himself and the putative class the following damages as provided for by 15 U.S.C. § 1681n: between $100 to $1,000 in damages per violation, plus attorney fees, costs of the

action, and any other relief that the Court deems appropriate.

**3. Names of parties not served.**

Defendant Café Central has not yet been served, but is expected to be served within a week. The original summons was returned for no service.

**4. Major legal issues.**

The following are the principal legal issues involved in this case:

a. Whether or not defendant's credit card and debit card receipts comply with the FCRA, as amended by FACTA;

b. Whether any alleged violation was willful; and

c. Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**5. Major factual issues.**

The following is a list of the factual issues involved in this case:

a. The number of other persons to whom defendant provided an allegedly non-compliant credit card or debit card receipt;

b. Facts relating to the creation of the receipt that plaintiff received, and the creation, maintenance and updating of the computer system which created that receipt; and

c. Facts relevant to the question of whether defendant willfully violated the FCRA, as amended by FACTA. *See Safeco Insurance Co. of America, Inc. v. Burr*, 127 S. Ct. 2201 (2007).

**6. Citations to Key Authorities.**

*Safeco Insurance Co. of America, Inc. v. Burr*, 127 S. Ct. 2201 (2007).

*Follman v. Village Squire, Inc.*, 2007 WL 4522614 (N.D. Ill. Dec. 18, 2007).

*Troy v. Red Lantern*, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007).

*Halperrin v. Interpark, Inc.*, 2007 WL 4219419 (N.D. Ill. Nov. 29, 2007).

*Follman v. Hospitality Plus, Inc.*, 2007 WL 3052962 (N.D. Ill. Oct. 17, 2007).

*Pirian v. In-N-Out Burgers*, 2007 WL 1040864 (C.D. Cal. April 5, 2007).

**B. Preparation of Draft Scheduling Order.**

Plaintiff has not been able to consult with Defendant. According, Plaintiff proposes that no

scheduling order be entered yet.

**C.**　**Trial Status.**

A jury trial has been requested. Plaintiff anticipates the trial to be no longer than one day.

Respectfully submitted,

　/s/　　David M. Jenkins

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037