3623 MJM; SI110

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>　　　Plaintiff,<br><br>v.<br><br>CAFÉ CENTRAL, INC.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 07 C 6748<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT – CLASS ACTION

NOW COMES the Defendant, CAFÉ CENTRAL, INC., by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Answer to Plaintiff's Complaint – Class Action, states as follows:

## INTRODUCTION

1.　Plaintiff Joseph DiCosola brings this action to secure redress for the violation by Café Central, Inc., of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:**　Paragraph one is a statement of intention to which no answer is required. To the extent any answer is required, this answering defendant admits that the plaintiff attempts to bring a claim for violation of the Fair and Accurate Credit Transaction Act (FACTA), but denies that plaintiff has done so, denies any violation of the act by this answering defendant and denies that plaintiff has alleged or sustained any damages.

2.  One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:**  This answering defendant admits that FACTA in part provides as quoted in Paragraph 2 of the plaintiff's Complaint.

3.  Federal courts have concluded that section 1681c(g) is "not ambiguous," and that it "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007).

**ANSWER:**  This answering defendant denies that the court in *Pirian v. In-N-out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384 (C.D. Cal. April 5, 2007), expressly stated that Section 1681c(g) is "not ambiguous" but admits that the *Pirian* court stated that Section 1681c(g) is "not ambiguous *on its face*." (emphasis added). Further answering, this answering defendant admits that the remainder of the quoted language in paragraph 3 appears in the *Pirian* opinion as quoted, but denies the remaining allegations of paragraph 3.

4.  The purpose of this "truncation requirement" is to prevent identity theft.

**ANSWER:**  This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 4 and therefore denies the same.

5.  One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 5 and therefore denies the same.

6. On information and belief, it is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number, or it makes it easier for identity thieves to obtain sufficient information to use another's credit card.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 6 and therefore denies the same.

7. The expiration date is generally necessary for misuse of the card number.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 7 and therefore denies the same.

8. The FACTA amendment prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display the expiration date or that display more than the last five digits of the card number.

**ANSWER:** This answering defendant contends that 15 U.S.C. §1681c(g) speaks for itself and denies that the Plaintiff's paraphrasing of the same is accurate or complete and therefore denies the allegations of paragraph 8.

9. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

**ANSWER:**　This answering defendant contends that §1681c(g)(3)(a) speaks for itself and denies that the Plaintiff's paraphrasing of the same is accurate or complete and therefore denies the allegations of paragraph 9.

10.　As set forth more fully below, Defendant has willfully violated this law because its conduct was either willful, knowing, or reckless, and Defendant failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement by including expiration dates on credit card receipts.

**ANSWER:**　This answering defendant denies the allegations of paragraph 10.

11.　Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks statutory damages, attorney fees, costs, and such other relief as the Court deems proper, including punitive damages.

**ANSWER:**　Paragraph 12 is a statement of intention to which no answer is required. To the extent any answer is required, this answering defendant admits that the plaintiff attempts to bring a claim for violation of the Fair and Accurate Credit Transaction Act (FACTA), but denies that the plaintiff has done so, denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any damages.

## JURISDICTION AND VENUE

12.　This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

**ANSWER:**　This answering defendant admits that this court has subject matter jurisdiction over this case but denies the remaining allegations of Paragraph 12.

4

13. Venue in this district is proper because Defendant Café Central, does business here.

**ANSWER:** This answering defendant admits that Café Central, Inc. transacts business in the District but denies the remaining allegations of Paragraph 13.

## PARTIES

14. Plaintiff, Joseph DiCosola, is a resident of this district.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 15 and therefore denies the same.

15. Defendant, Café Central, Inc. (hereinafter, "Café Central") is an Illinois corporation which owns and operates a restaurant called at 455 Central Avenue, Highland Park, Illinois 60635).

**ANSWER:** This answering defendant denies that it owns a restaurant called "at 455 Central Avenue, Highland Park, Illinois 60635)."

16. Defendant Café Central is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

**ANSWER:** This answering defendant admits the allegations of Paragraph 16.

## FACTS

17. On February 16, 2007, Plaintiff received from Café Central a computer-generated cash register receipt which displayed Plaintiff's American Express card expiration date.

5

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 17 and therefore denies the same.

18. On information and belief, the expiration date information, which is private, is published to and/or made available for viewing by third-parties by virtue of its placement on the receipt.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 18 and therefore denies the same.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

**ANSWER:** Paragraph 19 is a statement of intention to which no answer is required. To the extent any answer is required, the defendant admits that the plaintiff attempts to bring a Class Action Lawsuit, but denies that the plaintiff has done so, denies that the plaintiff is a proper class representative and denies that this matter should be certified as a Class Action.

20. The class is defined as all persons to whom Café Central provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

**ANSWER:** This answering defendant denies that this matter is appropriate as a Class Action and denies that the class as defined in Paragraph 20 would be an appropriate class

21.    The class is so numerous that joinder of all individual members in one action would be impracticable.

**ANSWER:** This answering defendant denies the allegations of Paragraph 21.

22.    There are well over 400 persons to whom Café Central provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 22 and therefore denies the same.

23.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

**ANSWER:** This answering defendant denies the allegations of Paragraph 24.

24.    There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following;

    a.    Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

    b.    Whether Defendant thereby violated FACTA.

7

      c.      Whether Defendant's conduct was willful, knowing, or reckless.

**ANSWER:** This answering defendant denies each and every allegation of Paragraph 24, including sub-paragraphs a-d.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the plaintiff's allegation that he has retained experienced counsel and therefore denies the same. This answering defendant denies the remaining allegations of paragraph 25.

26. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

**ANSWER:** This answering defendant denies the allegations of Paragraph 24.

<b><u>VIOLATION ALLEGED</u></b>

27. Defendant violated 15 U.S.C. §1681c(g)(1), which provides that:

[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transactions.

**ANSWER:** This answering defendant admits that 15 U.S.C. § 1681c(g)(1) provides substantially as quoted in Paragraph 28, but denies that the word "or" is underlined in the text of the statute. This answering defendant has insufficient

information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 27 and therefore denies the same.

28. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

**ANSWER:** This answering defendant denies the allegations of paragraph 28.

29. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

**ANSWER:** This answering defendant admits that 15 U.S.C. § 1681c(g)(3)(A) provides as stated in Paragraph 29.

30. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

**ANSWER:** This answering defendant admits the allegations of Paragraph 30.

31. After the effective date of the statute, Defendant, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendant failed to comply with the truncation requirement or the requirement that expiration dates be omitted.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 31 and therefore denies the same.

9

32. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:** This answering defendant admits the allegations of Paragraph 32.

33. On information and belief, Defendant knew of the truncation requirement and prohibition on the printing of expiration dates or was reckless in its failure to follow those requirements in light of the information readily available to it.

**ANSWER:** This answering defendant denies the allegations of Paragraph 33.

34. On information and belief, VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with same.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 34 and therefore denies the same.

35. The requirement was widely publicized among retailers.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 35 and therefore denies the same.

36. For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expriation date will be eliminated from receipts altogether ... The first phase of this new policy goes into effect July 1, 2003 for all new terminals..." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 36 and therefore denies the same.

37. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 37 and therefore denies the same.

38. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt: and "the expiration date should not appear at all." These statements were

accompanied by a picture of a receipt showing precisely what had to be removed. VISA required completed compliance by July 1, 2006, give months ahead of the statutory deadline.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 38 and therefore denies the same.

39. Defendant accepts Visa card and MasterCard and on information and belief, is a party to a contract requiring compliance with the above-quoted requirement.

**ANSWER:** This answering defendant admits that Café Central accepts Visa cards but denies the remaining allegations of paragraph 39.

40. American Express has a manual that contains a similar depiction of what information must be suppressed.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 40 and therefore denies the same.

41. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 41, in part because the Plaintiff does not explain what is meant by "could have readily done the same," and therefore denies the same.

42.     Defendant willfully disregarded FACTA's requirements in that its violation was either willfully, knowingly, or recklessly done, and continued to use cash register or other machines or devices that print receipts in violation of FACTA.

**ANSWER:**   This answering defendant denies the allegations of Paragraph 42 and denies that the Plaintiff has accurately defined the appropriate standard.

43.     The FCRA, 15 U.S.C. §1681n, provides:

§1681n.  Civil liability for willful noncompliance

(a) In general, Any person who willfully fails to comply with any requirement Imposed under this title [15 USC §1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

   (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

   (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to end force any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

**ANSWER:**   This answering defendant admits that 15 U.S.C. §1681n provides substantially as quoted but denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any damages.

44.     The FCRA, 15 U.S.C. §1681p, provides:

§1681p.  Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USCS §§1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of-

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

**ANSWER:** This answering defendant admits that 15 U.S.C. §1681n provides substantially as quoted but denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any damages.

WHEREFORE, Defendant, CAFÉ CENTRAL, INC., requests that this court dismiss this Complaint with prejudice and with all costs awarded to Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES the Defendant, CAFÉ CENTRAL, INC., by and through its attorneys, PURCELL & WARDROPE, CHTD., and without prejudice to its prior answers and denials and pleading in the alternative for its Affirmative Defenses states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or any class that is certified has suffered no actual damages, and an award of statutory and/or actual damages to Plaintiff, including to any class that is certified, would violate Defendant's due process rights. The damages sought by Plaintiff and/or any class that is certified are disproportionate to the harm alleged, are excessive, and would violate Defendants' due process rights.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and/or any class's, if certified, claims for punitive or exemplary damages are barred because such relief would violate Defendant's due process rights.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred in whole or part to the extent that any conduct engaged in by Defendant was based on a mistake of fact or law.

### FOURTH AFFIRMATIVE DEFENSE

The complaint is barred by the applicable statutes of limitation including, but not limited to, 15 U.S.C. § 1681p, to the extent the complaint seeks relief from alleged misconduct by Defendant before two years prior to the commencement of this action.

### FIFTH AFFIRMATIVE DEFENSE

The loss, injury or damage, if any, incurred by Plaintiff and/or any class, if certified, was the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Defendant neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff and/or any class, if certified, for statutory damages, attorneys' fees and costs and punitive damages are barred because any violation of the applicable law was negligent, at worst, and not willful.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred because it was not brought in good faith, but is instead the product of an intentional act by Plaintiff, perhaps in conspiracy with others, to cause a violation of the applicable law when the Plaintiff knew that it did not and would

not suffer any actual damages, in order to seek statutory remedies under the applicable law, rather than to redress a legitimate injury.

### EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrines of waiver, estoppel, unclean hands, or any such other equitable defenses that may apply, as the result of Plaintiff's own conduct.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise such additional defenses that may become apparent through discovery and the presentation of evidence in this action.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

By:　　/s/ Mark J. Mickiewicz
　　　　Mark J. Mickiewicz
　　　　Attorney for Defendant,
　　　　CAFÉ CENTRAL, INC.


Mark J. Mickiewicz, Atty. No. 6280623
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com
F:\MJM\3623\Pleadings\Ans.doc

### JURY DEMAND

Defendant demands trial by jury.

By:　　/s/ Mark J. Mickiewicz
　　　　Mark J. Mickiewicz
　　　　Attorney for Defendant,
　　　　CAFÉ CENTRAL, INC.