IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DICOSOLA,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>CAFÉ CENTRAL INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   No.   07 C 6748<br>)<br>)   Judge Guzman<br>)   Magistrate Judge Nolan<br>)<br>) |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's standing orders, Plaintiff Joseph DiCosola ("DiCosola" or "Plaintiff"), and Defendant Café Central, Inc. ("Café Central" or "Defendant"), hereby jointly present the following initial status report.

**A.    Nature of the Case.**

**1.    Basis for jurisdiction, nature of claims and counterclaims.**

Plaintiff claims, on behalf of himself and a putative class of similarly situated persons, that Defendant Café Central, Inc. ("Café Central") willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act, P.L. 108-159, 117 Stat. 1952 (2003) ("FACTA"). FACTA prohibits persons who accept credit cards or debit cards from printing "more than the last five digits of the [credit or debit] card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction," for all transactions on or after December 4, 2006. 15 U.S.C. §1681c(g). Plaintiff specifically alleges that Defendant issued to him a non-compliant receipt on or about February 16, 2007, for purchases made at the Café Central restaurant, which displayed the expiration date of the credit card. Defendant Café Central denies that it willfully violated FACTA and denies liability.

**2.    Relief sought by plaintiff.**

Plaintiff seeks for himself and the putative class the following damages as provided for by 15 U.S.C. § 1681n: between $100 to $1,000 in damages per violation, plus attorney fees, costs of the

action, and any other relief that the Court deems appropriate.

**3.    Settlement.**

There have been preliminary settlement discussions between the parties. Said discussions are ongoing.

**B.    Proposed Discovery Plan.**

1.    Rule 26(a)(1) disclosures shall be made by April 11, 2008.

2.    All discovery to be completed by October 10, 2008, including all depositions (expert and non-expert).

3.    Every party-proponent of a claim that intends to offer expert testimony in respect to such claim must make disclosures required by Fed.R.Civ.P. 26(a)(2) by July 24, 2008.

4.    Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make disclosures required by Fed.R.Civ.P. 26(a)(2) by August 14, 2008.

5.    Dispositive motions shall be filed on or before November 11, 2008.


Respectfully submitted,

| /s/ David M. Jenkins | /s/ Mark J. Mickiewicz |
|---|---|
| Anthony G. Barone (06196315) | Mark J. Mickiewicz (6280623) |
| David M. Jenkins (6211230) | Thomas B. Underwood (3122933) |
| Barone & Jenkins, P.C. | Purcell & Wardrope, CHTD. |
| 635 Butterfield Road, Suite 145 | 10 S. LaSalle St., Suite 1200 |
| Oakbrook Terrance, Illinois 60181 | Chicago, IL 60603 |
| 630/472-0037 | 312/427-3900 |